UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 13-24682-CIV-MORENO**

ANNA MARIA THOMAS,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA
COMPANY d/b/a NORWEGIAN CRUISE LINE,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Anna-Maria Thomas brings this lawsuit against Defendant Norwegian Cruise Line for injuries sustained as a result of alleged bed bug bites contracted during her stay on a Norwegian cruise ship. For the reasons provided below, the Court finds that Norwegian is entitled to summary judgment. Therefore, Defendant's Motion for Summary Judgment (D.E. No. 32) is granted.[1]

### I. Background

In December 2012, Plaintiff boarded a cruise ship operated by Norwegian Cruise Line. Plaintiff claims that during her stay, she was bitten by bed bugs (climax lectularius). Plaintiff then brought this action against Norwegian for negligence, alleging in her Complaint that Norwegian breached the duty owed to her by failing to exercise reasonable care, and that this breach caused her

---

[1] Per the Court's Order in Accordance with Rulings Made in Open Court on May 5, 2014 (D.E. No. 30), calendar call for this matter was set for August 11, 2014 at 10:00 A.M. At the calendar call, the Court granted summary judgment on the merits in favor of Defendant, in accordance with the instant Order. Furthermore, the Court notes that at the time it entered judgment in open court at 11:30 A.M., one and one-half hours after the parties were directed to appear, Plaintiff Thomas had failed to appear in court.

injuries.

Norwegian moved for summary judgment, alleging first that there was no dangerous condition - an infestation of bed bugs - and that Plaintiff in any event has not put forth sufficient evidence of the existence of bed bugs. Norwegian further argues that Plaintiff has not put forth evidence that she contracted the alleged bug bites on her body from her cabin aboard Norwegian's vessel, or that the cabin was at any point infected with bed bugs. Second, Norwegian argues that even assuming a dangerous condition existed, Norwegian did not have actual or constructive notice of the dangerous condition, and that, again, Plaintiff has not put forth evidence to demonstrate notice. Third, Norwegian argues it acted reasonably under the circumstances, and that Plaintiff has not put forth evidence to suggest it failed to act reasonably.

## II. Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 158-59. Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1987).

Once the moving party has met its burden of showing a basis for the motion, the nonmoving

party is required to go beyond the pleadings and present competent evidence designating specific facts showing that there is a genuine issue for trial. *United States v. $183,791.00*, 391 Fed. Appx. 791, 794 (11th Cir. 2010) (quoting *Celotex*, 477 U.S. at 324). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Likewise, a nonmovant cannot defeat summary judgment by relying upon conclusory assertions. *Maddox-Jones v. Bd. of Regents of Univ. Of Ga.*, 448 Fed. Appx. 17, 19 (11th Cir. 2011). The nonmovant must present more than a mere scintilla of evidence in support of his or her position. *Anderson*, 477 U.S. at 254. "[M]etaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

### III. Legal Analysis

The Court finds that Norwegian is entitled to summary judgment. Plaintiff has failed to adduce any evidence that Norwegian breached its duty of care to Plaintiff. Specifically, Plaintiff has not put forth sufficient evidence to demonstrate that the dangerous condition - bed bugs - actually existed aboard Norwegian's vessel, that Norwegian had actual or constructive notice of the alleged dangerous condition, or that, even assuming the dangerous condition existed, that Plaintiff's damages resulted from the breach of duty. Absent such evidence, Norwegian cannot be held liable for Plaintiff's injuries.

The analysis of Norwegian's Motion for Summary Judgment is governed by federal maritime law as this case arises from alleged torts accruing on navigable waters. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). In the absence of applicable maritime law, courts are free to apply the reasoning used in other federal circuits. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232,

1236 (S.D. Fla. 2006).

Cruise ship operators such as Norwegian owe their passengers the duty to exercise reasonable care under the circumstances. *Kermerec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). The cruise ship operator is not, however, the insurer of the safety of the passengers, and does not become liable merely because an accident occurs. *E.g., Cohen v. Carnival Corp.,* 945 F. Supp. 2d 1351, 1356 (S.D. Fla. 2013) ("A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence.") (citing *Keefe*, 867 F.2d at 1322); *Mercer v. Carnival Corp.*, 2009 WL 302274, at *2 (S.D. Fla. Feb. 9, 2009).

To satisfy the burden of proof in a negligence action, Plaintiff must show: (1) that Defendant owed Plaintiff a duty; (2) that Defendant breached the duty; (3) that the breach was the proximate cause of Plaintiff's injury; and (4) that Plaintiff suffered damages. *Hasenfus v. Secord*, 962 F.2d 1556, 1559-60 (11th Cir. 1992). Each element is essential to Plaintiff's negligence claim, and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992).

The benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition. *Keefe*, 867 F.2d at 1322. A cruise line must warn passengers only of those dangers that "the cruise line knows or reasonably should have known." *Weiner v. Carnival Cruise Lines*, 2012 WL 5199604, at *3 (S.D. Fla. Oct. 22, 2012). The mere fact that an accident itself occurred does not prove Defendant had notice of the allegedly dangerous condition. *E.g., Isbell*, 462 F. Supp. 2d at 1237; *Mercer*, 2009

-4-

WL 302274 at *2.

Plaintiff has not set forth sufficient evidence to create an issue of fact as to whether Norwegian breached its duty to Plaintiff. First, she has not sufficiently alleged the existence of a dangerous condition, as there are no facts on the record confirming the existence of bed bugs. Plaintiff concedes she saw no bed bugs on the cruise, that she does not have any evidence there were bed bugs on the cruise, and that she was not aware of any individual on the cruise - passenger or Norwegian staff - who saw bed bugs in Plaintiff's cabin. [D.E. 32, Ex. A, Thomas Dep. at 43:9-17 and 65:10-19]. Similarly, Plaintiff concedes she had no knowledge that Norwegian had any notice of any problems with bed bugs prior to Plaintiff boarding the ship. [D.E. 32, Ex. A., Thomas Dep. at 33:9-13; 36:1-17].

In fact, Plaintiff's medical records reflect that Plaintiff never complained she was bitten by bed bugs. [D.E. 35, Pl. medical records, indicating complaints of "red itching spots"; D.E. 39, Pl. Affidavit of Objection indicating same]. Moreover, the shipboard physician diagnosed Plaintiff with allergic dermatitis, [D.E. 42, Ex. C, Dr. Aponte-Perez Dep. at 17:3-4], and stated that while it was "possible" that Plaintiff could have been complaining about bed bugs, "it didn't look like bed -- bedbugs or insect bites because of the distance and the cluster type instead of linear [locations of bites]." [Aponte-Perez Dep. at 17:7-21].

Norwegian also argues - and Plaintiff has not refuted - that the medical records of Plaintiff's own dermatologist, Dr. Michael Jackson, indicate the absence of any diagnosis of bed bug bites. The records do not indicate Plaintiff complained to him about bed bug bites, or that he determined her condition was caused by bed bugs. [D.E. 42, Composite Ex. D, Pl. medical records between January

2013 and April 2013].[2]  Accordingly, there is no evidence indicating bed bugs as the cause of Plaintiff's injuries during her time on the subject Norwegian cruise.

Second, there is no evidence that Norwegian failed to act in a reasonable manner which caused the alleged exposure to bed bugs.  Plaintiff has not put forth any evidence of a failure to inspect or correct any known or existing dangerous condition, or evidence establishing a failure to properly maintain Plaintiff's cabin.  Plaintiff's sole evidence to refute Norwegian's argument is two-fold: *first*, her own testimony that she was indeed bitten by bed bugs, and *second*, though not expressly argued by Plaintiff, that Dr. Aponte-Perez stated it was Norwegian's practice to notify housekeeping to change all the linens and towels and clean the room when someone has any allergic reaction.

These arguments are unpersuasive.  The mere fact that an injury occurred does not make Norwegian liable. *Wish v. MSC Crociere S.A.*, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008); *Isbell*, 462 F. Supp. 2d at 1237; *Mercer*, 2009 WL 302274 at *2; *see also Weiner*, 2012 WL 5199604 at *3 (granting summary judgment for defendant and rejecting argument that Plaintiff's testimony "in and of itself creates a genuine issue of material fact").  Moreover, in the same breath that Dr. Aponte-Perez illustrated Norwegian's policy on changing the linens and towels and cleaning the room when there is an allergic reaction, she confirmed that Norwegian followed that policy in this case. [D.E. 39, Aponte-Perez Dep. at 25:8-12].  There is no evidence in the record to refute this

---

[2] Similarly, Plaintiff's alleged experience with bed bugs in May 2013 does not create an issue of fact as to the existence of bed bugs on Norwegian's vessel.  Even assuming the Philadelphia hotel found and confirmed the existence of bed bugs after Plaintiff brought it to the hotel's attention, it bears no relationship to the current dispute and does not support Plaintiff's claims that there were bed bugs in her cabin *during the subject cruise with Norwegian*. Nor does Plaintiff's citation to a Wikipedia article regarding the epidemiology of bed bugs support her argument that there is an issue of material fact, notwithstanding the credibility or accuracy of Wikipedia as a source.

testimony, and in any event the testimony does not support the contention that Norwegian failed to act reasonably.

Third, even assuming that a dangerous condition exists, Plaintiff has failed to present any evidence that Norwegian knew or should have known of the existence of bed bugs. *Keefe*, 867 F.2d at 1322 (as prerequisite to imposing liability, the carrier must have had actual or constructive notice of the risk-creating condition).  Indeed, as set forth above, Plaintiff concedes she was not aware that Norwegian was on notice of any problems with bed bugs prior to Plaintiff boarding the ship. [D.E. 32, Ex. A., Thomas Dep. at 33:9-13; 36:1-17].

Numerous courts, including this one, have granted summary judgment against the Plaintiff where the Plaintiff has failed to produce evidence demonstrating a genuine factual dispute regarding the defendant's actual or constructive notice of the dangerous condition. *See, e.g., Cohen*, 945 F. Supp. 2d at 1355 (granting summary judgment where "Cohen has presented no evidence that Carnival had actual or constructive notice of the alleged risk-creating condition,"noting such evidence could include "a record of any accident reports, passenger comment reviews or forms, or reports from safety inspections alerting Carnival of any potential safety concern"); *Isbell*, 462 F. Supp. 2d at 1237-38 (rejecting argument that Defendant had constructive notice of danger "simply because of the fact that Plaintiff was bitten by a snake," and noting that Plaintiff had not provided any evidence to demonstrate Defendant was in fact on notice).[3]  Courts have also found that at the

---

[3] *See also, e.g., Mercer*, 2009 WL 302274 at *2-3 ("Plaintiff has failed to provide any factual support for his allegation that Defendant had notice of the allegedly dangerous condition and therefore has failed to show that Defendant breached its duty of care to Plaintiff"); *Weiner*, 2012 WL 5199604 at *3-4 ("[T]here is no evidence that Carnival had actual notice of the wet and dangerous floor" and no evidence that "spills and accidents of the sort experienced by Weiner 'occurred with enough frequency to impute constructive notice' of a dangerous condition").

summary judgment stage, "mere implication" of actual or constructive notice is insufficient. *E.g.*, *Cohen*, 945 F. Supp. 2d at 1357 (citing *Adams v. Carnival Corp.*, 2009 WL 4907547, at *5 (S.D. Fla. Sept. 29, 2009) (finding plaintiff needed "specific facts" rather than "mere implication" to demonstrate notice)). Plaintiff has failed to provide any factual support, whether in the form of sworn testimony or evidence of prior similar bed bug infestations, for the allegation that Norwegian had notice of bed bugs. The unrefuted evidence in the record instead indicates a lack of actual or constructive notice.

Fourth, there is no testimony or evidence, other than Plaintiff's unsubstantiated opinion, that her damages resulted from the alleged bed bug bites. As stated above, the cruise physician and Plaintiff's own dermatologist never diagnosed Plaintiff with bed bugs. Rather, the cruise physician's diagnosis indicated the condition was something *other* than bed bugs. [D.E. 42, Ex. C, Dr. Aponte-Perez Dep. at 17:7-21]. It is well-settled that each element, including causation, is essential to Plaintiff's negligence claim for purposes of defeating summary judgment. *Tipton*, 965 F.2d at 999.

For these reasons, Plaintiff has failed to demonstrate that Norwegian breached its duty of care to Plaintiff. Plaintiff's unsubstantiated testimony, based on nothing more than speculative belief, and her reliance on medical records that do not reflect any medical opinion as to whether she was in fact bitten by bedbugs, is simply insufficient to create an issue of fact for trial. Plaintiff has not adduced evidence that a dangerous condition existed on Norwegian's vessel, that Norwegian failed to act reasonably, that Norwegian had actual or constructive notice of the alleged dangerous condition, or that Plaintiff's damages were caused by the alleged bed bug bites.

## IV. Conclusion

After viewing all the facts in the light most favorable to Plaintiff, the Court finds that there

are no genuine issues of material fact, and Defendant Norwegian Cruise Line is entitled to judgment as a matter of law.  Although Plaintiff's injuries are unfortunate, liability cannot rest on sympathy alone.  Norwegian "is not the insurer of the safety of the passengers," *Cohen*, 954 F. Supp. 2d at 1356, and does not become liable to a passenger merely because an accident may have occurred. *Isbell*, 462 F. Supp. 2d at 1237.  Plaintiff has failed to show that Norwegian breach its duty of care to Plaintiff, and Plaintiff's claim for negligence must fail. Therefore, it is

   **ADJUDGED** that:

   (1) Defendant's Motion for Summary Judgment is GRANTED.

   (2) All pending motions are DENIED as moot, and this case is closed.


   DONE AND ORDERED in Open Court at Miami, Florida, this ⁄⁄ day of August, 2014.


                                        _____
                                        FEDERICO A. MORENO
                                        UNITED STATES DISTRICT JUDGE


Copies provided to:

Counsel of Record

Anna-Maria Thomas, *pro se*
59 Pineapple Street
Brooklyn, NY 11201
amt413@aol.com
917-656-9816